1  Fred W. Schwinn (SBN 225575)
   fred.schwinn@sjconsumerlaw.com
2  Jovanna R. Longo (SBN 251491)
   jovanna.longo@sjconsumerlaw.com
3  CONSUMER LAW CENTER, INC.
   12 South First Street, Suite 1014
4  San Jose, California 95113-2418
   Telephone Number: (408) 294-6100
5  Facsimile Number: (408) 294-6190

6  Attorney for Plaintiff
   RAMONA PATRICIA CARDON

7

8

9              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                    SAN JOSE DIVISION

11 RAMONA PATRICIA CARDON,            Case No. C08 02821

12            Plaintiff,

13 v.                                 COMPLAINT

14 PROFESSIONAL RECOVERY SERVICES.    DEMAND FOR JURY TRIAL
   INC., a New Jersey corporation,
15                                    15 United States Code § 1692 *et seq.*
                                      California Civil Code § 1788 *et seq.*
16            Defendant.              California Civil Code § 1812.700 *et seq.*

17         Plaintiff, RAMONA PATRICIA CARDON (hereinafter "Plaintiff"), based on

18 information and belief and investigation of counsel, except for those allegations which pertain to the

19 named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the

20 following allegations:

21                          I. INTRODUCTION

22         1.    This is an action for statutory damages, attorney fees and costs brought by an

23 individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C.

24 § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act,

25 California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

26 engaging in abusive, deceptive and unfair practices. Plaintiff also seeks statutory damages, attorney

27 fees and costs for the Defendant's violation of Cal. Civil Code §§ 1812.700-1812.702.

28         2.    According to 15 U.S.C. § 1692:

    a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

6. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

7. Plaintiff, RAMONA PATRICIA CARDON (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

8. Defendant, PROFESSIONAL RECOVERY SERVICES, INC., (hereinafter "PROFESSIONAL"), is a New Jersey corporation engaged in the business of collecting debts in this state with its principal place of business located at: 221 Laurel Road, Suite 350, Voorhees, New Jersey 08043. PROFESSIONAL may be served as follows: Professional Recovery Services, Inc., c/o CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017. The principal business of PROFESSIONAL is the collection of debts using the mails and telephone, and PROFESSIONAL regularly attempts to collect debts alleged to be due another. PROFESSIONAL is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). PROFESSIONAL is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

### VI. FACTUAL ALLEGATIONS

9. On a date or dates unknown to Plaintiff, Plaintiff allegedly incurred a financial obligation, namely a credit card account issued by HSBC Bank and bearing account number XXXX-XXXX-XXXX-3354 (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

10. Sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

11. Thereafter, Defendant sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

-3-
COMPLAINT

12. A true and accurate copy of the collection letter from PROFESSIONAL to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

13. The collection letter (Exhibit "1") is dated July 20, 2007.

14. Plaintiff is informed and believes, and thereon alleges that the collection letter (Exhibit "1") was Defendant's initial communication with Plaintiff in connection with the collection of the debt owed to HSBC Bank.

15. The collection letter (Exhibit "1") states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notice this office within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the original creditor.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

17. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 21 above.

18. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

19. Defendant, PROFESSIONAL, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

20. The financial obligation allegedly owed to HSBC Bank by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

21. The collection letter (Exhibit "1") described above violates the FDCPA. The violations include, but are not limited to, the following:

    a. Defendant misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§

-4-
COMPLAINT

1692e and 1692e(10).

22.  Defendant has further violated the FDCPA in the following respects:

   a.  Defendant failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendant *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4); and

   b.  Defendant failed to send Plaintiff a written notice containing a statement that upon Plaintiff's written request, Defendant would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

23.  Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24.  As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

25.  Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

26.  Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 30 above.

27.  Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

28.  Defendant, PROFESSIONAL, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

29.  PROFESSIONAL is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

30. The financial obligation allegedly owed to HSBC Bank by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

31. The collection letter (Exhibit "1") described above violates the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17.

32. Defendant has further violated the RFDCPA in the following respects:

    a. Defendant failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendant *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4), as incorporated by Cal. Civil Code § 1788.17;

    b. Defendant failed to send Plaintiff a written notice containing a statement that upon Plaintiff's written request, Defendant would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5), as incorporated by Cal. Civil Code § 1788.17.

33. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

34. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

35. As a result of the Defendant's violations of the RFDCPA, the Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C.§ 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17.

36. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code §1788.17.

37. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendant's collection letter attached hereto as Exhibit "1" violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(4), 1692g(a)(5);

c. Declare that Defendant's collection letter attached hereto as Exhibit "1" violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

f. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

g. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17; and

h. Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Jovanna R. Longo
Jovanna R. Longo, Esq.
Attorney for Plaintiff
RAMONA PATRICIA CARDON

-7-
COMPLAINT

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Jovanna R. Longo
Jovanna R. Longo, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RAMONA PATRICIA CARDON, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Jovanna R. Longo
Jovanna R. Longo, Esq.

P.O. BOX 1880
VOORHEES NJ 08043-7880

P.O. BOX 1880
VOORHEES NJ 08043
PHONE: (800) 309-8000

ADDRESS SERVICE REQUESTED

#BWNLCSV S-ONPREC10 L-001 A-6463319
#064633190# P0BT4F00616032 I23900
RAMONA CARDON
893 LENZEN AVE APT
314
SAN JOSE CA 95126-2750

PROFESSIONAL RECOVERY SERVICES INC.
P.O. BOX 1880
VOORHEES NJ 08043

07/20/07

| Account # : | Client # : | Amount Due: |
|---|---|---|
| 6463319 | 5440455030113354 | |

Client : HSBC Bank

✂ Detach Upper Portion And Return With Payment ✂

**\*\*\* IMPORTANT COLLECTION NOTICE \*\*\***

ACCOUNT # : 6463319

RE : Your account with our client
   **HSBC Bank**
SERVICE DATE : 08/18/05
**AMOUNT DUE : $ 608.68**

Dear RAMONA CARDON,

Please be advised that the account listed above has been referred to us by the above creditor in the amount of $ 608.68 representing the balance due for services rendered and accepted.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Should you contact us in writing for verification of this debt, we will cease further collection activity until we provide you with the verification.

Very Truly Yours,

*John Train*
JOHN TRAIN
Senior Claims Adjuster

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

**EXHIBIT 1**

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Certain State Laws require us to notify consumers, of those states, of their following rights. This list does not contain a complete list of rights consumers have under Federal and State Law.

**CALIFORNIA NOTICE:**
"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov

**COLORADO NOTICE:**
"FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM "
COLORADO LICENSE # 987119

**MASSACHUSETTS NOTICE:**
"NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR."

**MINNESOTA NOTICE:**
"This collection agency is licensed by the Minnesota Department of Commerce."

**NEW YORK NOTICE:**
"New York City Department of Consumer Affairs License Number 1027246"

**NORTH CAROLINA NOTICE:**
"North Carolina Department of Insurance Permit Number 3420"

**TENNESSEE NOTICE:**
"This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance."

**WISCONSIN NOTICE:**
"This collection agency is licensed by the Office of the Administrator of the Division of Banking P.O. Box 7876, Madison, Wisconsin 53707"

P.O. BOX 1880
VOORHEES NJ 08043-7880

ADDRESS SERVICE REQUESTED

#BWNLCSV S-ONPREC10 L-001 A-6463319
#06463319O# P0BT4F00616032 123900
RAMONA CARDON
893 LENZEN AVE APT
314
SAN JOSE CA 95126-2750



**07/25/2007 ROYAL OAK MI 480**

PRESORTED
FIRST-CLASS

US POSTAGE $00.341
JUL 24 2007
ZIP 48068
0801 1051958

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
RAMONA PATRICIA CARDON

### DEFENDANTS
PROFESSIONAL RECOVERY SERVICES, INC.

(b) County of Residence of First Listed Plaintiff: Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, California 95113-2418

Attorneys (If Known)

E-FILING

C08 02821 PVT

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | PERSONAL INJURY | PERSONAL INJURY |  |  |  |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability |  | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act |  | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability |  | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [X] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability |  |  | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise |  |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | IMMIGRATION |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - Alien Detainee |  |  |
|  |  |  | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Fair Debt Collection Practices Act, 15 U.S.C. sec 1692, et seq

Brief description of cause:
Unlawful debt collection practices

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE: May 19, 2008

SIGNATURE OF ATTORNEY OF RECORD: Joanna Longi