1 | June D. Coleman - 191890
Jennifer S. Gregory – 228593
2 | ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
555 University Avenue, Suite 200 East
3 | Sacramento, CA 95825
Tel: (916) 283-8820
4 | Fax: (916) 283-8821

5 | Attorneys for Defendant
PROFESSIONAL RECOVERY SERVICES, INC.
6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN JOSE DIVISION

11 | RAMONA PATRICIA CARDON,

Case No.: C08-02821 PVT

12 | PLAINTIFF,

**DEFENDANT'S ANSWER**

13 | v.

14 | PROFESSIONAL RECOVERY SERVICES,
INC., A NEW JERSEY CORPORATION,
15

DEFENDANT.
16

17

18    Defendant PROFESSIONAL RECOVERY SERVICES, INC. (hereinafter "Defendant") hereby

19 | responds to plaintiff's Complaint as follows:

20    1.    As to Paragraph 1, Defendant admits that Plaintiff has restated portions of various

21 | statutory schemes, but denies that Plaintiff is entitled to any recovery or that Defendant violated any

22 | statutory scheme.

23    2.    As to Paragraph 2, Defendant admits that the statute set forth various concerns as set

24 | forth in Paragraph 2 when the statute was enacted in or around 1977. Defendants lacks sufficient

25 | information to admit or deny whether the concerns set forth in the statute when it was enacted are still

26 | applicable today, and on that basis denies that portion of the allegations.

27    3.    As to Paragraph 3, Defendant admits that jurisdiction is appropriate, but denies that

28 | declaratory relief is available in this case.

-1-

1      4.      Defendant denies Paragraphs 4, 21-24, 31-37.

2      5.      As to Paragraph 5, Defendant admits venue is proper but denies that it violated any of

3  the statutory schemes identified.

4      6.      As to Paragraph 6, Defendant admits that the case is properly venued in the San Jose

5  Division, but denies that it violated any of the statutory schemes identified.

6      7.      As to Paragraphs 7, 18, 20, 27, 30, Defendant lacks sufficient information to admit or

7  deny the allegations contained therein, and on that basis denies these allegations.

8      8.      As to Paragraphs 8, 10-16, 19, 25, 28-29, Defendant admits these allegations.

9      9.      As to Paragraph 9, Defendant admits that Plaintiff owed a debt arising from her use of a

10  credit card issued by HSBC Bank, but lacks sufficient information to admit or deny the purpose of the

11  charges on the credit card, and on that basis denies the remaining averments.

12      10.     As to Paragraph 17, Defendant repeats and incorporates by reference his responses to

13  Paragraphs 1-21 as though fully stated herein.

14      11.     As to Paragraph 26, Defendant repeats and incorporates by reference his responses to

15  Paragraphs 1-30 as though fully stated herein.

16      Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matters

17  constituting an avoidance or affirmative defense:

18                          **FIRST AFFIRMATIVE DEFENSE**

19      12.     Plaintiff's Complaint (and the causes of action alleged therein) fails to state facts

20  sufficient to constitute a cause of action as to the answering Defendant.

21                          **SECOND AFFIRMATIVE DEFENSE**

22      13.     Defendant is informed and believes and thereon alleges that the Complaint, and each

23  cause of action therein, is barred in whole or part, by the applicable jurisdictional statute of limitations

24  period of **15 U.S.C. § 1692k(d)** (FDCPA) and/or the statute of limitations period under **California**

25  **Civil Code § 1788.30(f)** (Rosenthal FDCPA).

26                          **THIRD AFFIRMATIVE DEFENSE**

27      14.     Defendant is informed and believes and thereon alleges that Plaintiff was negligent,

28  careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and to

the extent said negligence, carelessness and/or intentional acts caused and/or contributed to his injuries and/or damages, or his Rosenthal claim is barred by virtue of **Cal. Civil Code §1788.30(g)**.

## FOURTH AFFIRMATIVE DEFENSE

15.    Defendant is informed and believes and thereon alleges that Plaintiff failed and neglected to use reasonable care to protect herself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

16.    Defendant alleges that all its actions were taken in good faith and with a reasonable belief that such actions were lawful.

## SIXTH AFFIRMATIVE DEFENSE

17.    Defendant alleges that Plaintiff's Complaint, and the causes of action for violation of the FDCPA alleged therein, is barred by the Noerr-Pennington doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

18.    Defendant is informed and believes and thereon alleges that it has no civil liability under the FDCPA, **15 U.S.C. § 1692,** *et seq.*, pursuant to **15 U.S.C. § 1692k(c)** and **Cal. Civil Code §1788.30(e)**, as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

## EIGHTH AFFIRMATIVE DEFENSE

19.    Defendant alleges that any representations or statements alleged to have been made by Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy.

## NINTH AFFIRMATIVE DEFENSE

20.    Defendant alleges that it acted lawfully and intended to take any and all action contemplated, whether expressly allowed by contract or permitted by law, as represented to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

21.    Defendant is informed and believes and thereon alleges that all alleged intentional acts or misrepresentations alleged in Plaintiff's Complaint, and the causes of action alleged therein, were consented to by the Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

22.    Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because each of Plaintiff's claims is subject to the interested person privilege set forth in **California Civil Code § 47(c)**, or arising under federal and state common law.

### TWELFTH AFFIRMATIVE DEFENSE

23.    Plaintiff is barred from recovery because the Complaint (and the causes of action alleged therein) is barred by the Doctrine of Unclean Hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

24.    Plaintiff's Complaint (and the causes of action alleged therein) is barred by the Doctrines of Waiver, and/or estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

25.    Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, duress, failure of consideration, fraud, illegality, license, *res judicata*, failure to join an indispensable party, release, laches, and abatement.

**WHEREFORE**, Defendant prays for:

1.    That Plaintiff take nothing by way of this action;

2.    That Plaintiff's Complaint be dismissed;

3.    That Defendant be awarded reasonable attorneys' fees and costs incurred in defending this action; and

4.    For such other and further relief as this Court deems just and proper.

Dated: July 13, 2008

ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP


By   /s June D. Coleman
    June D. Coleman
    Attorney for DEFENDANT PROFESSIONAL
    RECOVERY SERVICES, INC.

1

**DEMAND FOR JURY TRIAL**

2      Defendant PROFFESIONAL RECOVERY SERVICES, INC. hereby demands a jury trial in

3  this matter.

4  Dated: July 13, 2008

                                  Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP
5

6                                 By   /s June D. Coleman
                                        June D. Coleman
7                                       Attorney for DEFENDANT, PROFESSIONAL
                                        RECOVERY SERVICES, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER